GEORGE H. PERRIN ET AL *v.* PHILIP AMMERMAN.

**Bills and Notes—Usury, Waiver of Claim for—Administrators.**

An obligor and sureties in a note, have the right to claim usurious payment of interest on a note, given a deceased, while that note is in the hands of the administrator.

**Same.**

But where it has passed into the hands of one of the distributees as his share of the estate. and the distributee is induced to accept a renewal, and to receipt the administrator in full settlement, the estate being closed, they cannot then set up a claim for usury except for that part as would have fallen on the distributee as his share of such loss based on a prorata distribution.

**Same.**

A right they had, while the note was in the hands of the administrator, was waived by inducing the distributee to take the new note, except so far as his individual interest therein was concerned.

APPEAL FROM HARRISON CIRCUIT COURT.

October 14, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought in April, 1867, by appellee against appellants on a note executed to him by H. Rowland with appellants as sureties on the 23d of May, 1863, and due the 23d of March next thereafter for $1,788.50.

As a defense to the action, appellants in the first paragraph of their answer allege, in substance, that their principal, for many years prior to the death of one James Ammerman, was indebted to him for borrowed money, the notes for which were frequently renewed, always at an interest of ten per centum per annum, compounded annually, all of which said H. Rowland had paid off to said James Ammerman in his life time, except about $500, for which he executed his note, unurious interest constituting the whole thereof; that said James Ammerman died intestate, and his estate descended to his brothers and sisters, of whom appellee was one, and that said note was passed to him as a part of his distributable share of said decedent's estate; that H. Rowland then borrowed of appellee a sum of money at an interest of 8 per centum per annum, which sum with its interest added to the note aforesaid of about $500, made up the amount for which the note sued on was executed.

The second paragraph of the answer need not be specially noticed, as the facts stated therein were insufficient to constitute a novation, which was the purpose for which it was filed, but which seems to have been abandoned.

In the 3rd paragraph it is alleged that said H. Rowland on the 23d of January, 1864, borrowed of appellee $1,000, and promised to pay interest thereon at the rate of ten per centum per annum, to be compounded annually, and delivered to him a note, which said Rowland held on F. G. Veach for $2,000, bearing interest at the rate of 6 per centum per annum, from the 10th of December, 1863, the day of its date, till the 1st of January, 1870, when the note would become due, as collateral security; appellee was to collect the interest which was payable annually, and apply the same to the payment of the interest on the note for $1,000.

On the 11th of March, 1867, said H. Rowland paid off said note for $1,000 with the interest, according to their agreement, by assigning to appellee the Veach note, and the residue of said note he was to apply as a credit on the note sued on, that note to carry interest at the rate of ten per centum per annum till the Veach note matured, and that said credit amounted to about $1,000.

It is alleged in the 4th paragraph that, on the $1,000 note, Roland had paid for usurious interest, from the time the money was borrowed until the 11th of March, 1867, when the same was paid, $148, which he had assigned to appellants, and they plead the same as a set-off in this action. They insist that by crediting the note sued on by the true amount that appellee would be owing on the Veach note, and purging it of the usury, there would be very little due on said note, if anything; that the credit for the residue of the Veach note should be for $1,085.38-100 instead of $586.69-100 for which the credit was entered.

The set-off is controverted by the reply, not by a denial that there was as much as $148 of usury paid on the $1,000, but by a denial that it was assignable, and that appellants acquired a right thereby to have a credit for the same in this action.

By agreement of the parties, a credit was entered for $838.90-100 as of date March 11, 1867, in place of $586.60 credited on that date on the note, the issues of fact presented by the pleadings were then submitted to a jury, who returned a verdict for the amount of the note and interest, to be credited by the $838.60 as agreed, and the $148, making the aggregate of $986.90 of date March 11, 1867, and $50 of date the 23d of May, 1863, and judgment was rendered accordingly.

A new trial was asked for by appellants, and over-ruled, and they now ask a reversal of the judgment.

The instruction given for appellee is not copied in the record, nor does it appear to have been excepted to, so that the propriety of giving said instruction cannot be inquired into by this court.

Instruction No. 1, as asked by appellant, was properly refused; because the evidence did not authorize the giving of it. And those given by the court were as favorable, and, indeed, one of them were more favorable, than they had a right to them.

The only remaining question to be determined is whether the court erred in refusing a new trial on the ground that the verdict was contrary to the evidence.

The witnesses Tebbs and Renaker prove that the statements of H. Rowland, as to the amounts loaned by J. Ammerman on the former trial were different from those made by him when the verdict was rendered; but his statements made on the subject of the rate of interest agreed to be paid on the note which he owed at the death of James Ammerman, and on the money borrowed when that note was renewed, constituting the note sued on, was at the rate of eight and of ten per cent, and which was in part included in the note, and the residue paid at 10 per cent in the transfer of the Veach note, stand uncontradicted; nor is there any conflict in his evidence in relation to the rate of interest paid on that indebtedness; the witness is competent and unimpeached, and the truth of his statements is, to some extent, shown by arithmetical demonstration. Nevertheless they were disregarded by the jury, and their finding was in conflict with the instructions of the court, and should for these reasons have been set aside, and a new trial awarded.

As the judgment must be reversed, it is proper to settle the law as to the effect of the settlement by appellee of the note held on H. Rowland, &c., by James Ammerman at the time of his death. Appellee was not the sole heir and distributee of James Ammerman; if the note held by him had been purged of the usury (if any), while in the hands of the administrator, the loss would not all have fallen on him, but would have been borne by all the distributees *pro rata,* and any equity that would have been available against the administrator would be only available against appellee to the extent of his interest in said note as distributee, after he took the note as so much of his part of the estate of intestate. But he was induced by Rowland to take up the note, and to accept another note on himself and appellants in satisfaction thereof, and to receipt to the administrator for the same as a payment on his distributable share of intestate's estate, and he could not afterwards have recovered of the administrator for any loss he might have sustained by the transaction. The right which they had to reclaim the usury while the note remained in the hands of the administrator, and thereby throw the burden on all the distributees in just proportion was waived by inducing him to take the note, except so far as his individual interest therein was concerned. Instruction No. 1, therefore, given by the court to the jury, in place of the one asked by appellants, was more favorable to them than they were entitled to.

This view conforms to the principle settled in Smith v. Broyles, 15 B. Mon., 461.

But for the reasons heretofore stated, the judgment must be reversed, and the cause remanded, with directions to award a new trial, and for further proceedings consistent herewith.

*Trimble, for appellant.*

*Ward, for appellee.*