CASE 3—PETITION ORDINARY—FEBRUARY 23.

# Western District Warehouse Co. v. Hayes.

### APPEAL FROM GRAVES COURT OF COMMON PLEAS.

1. A STOCKHOLDER IN A CORPORATION MAY TESTIFY IN CHIEF FOR THE CORPORATION after persons having no interest in the corporation have given testimony in chief in its behalf, as the word "person," as used in sub-section 4 of section 606 of the Civil Code, is to be regarded as synonymous with party to the action.

2. CUSTOM.—In this action to recover the value of tobacco destroyed by fire while on storage in defendant's warehouse, the plaintiff's case being based upon an alleged custom which made it the duty of the defendant to keep the tobacco insured for plaintiff's benefit, the plaintiff can not recover if he was notified that the tobacco was held subject to his risk, even if the custom might otherwise have applied, and the defendant upon the return of the case should be allowed to make that defense and the jury instructed accordingly.

W. S. BISHOP AND W. D. GREER FOR APPELLANT.

1. The custom proved by plaintiff does not apply to the facts in this case.

2. To make proof of a custom admissible for the purpose of affecting a contract the custom must be of such age, such uniformity of observance, such certainty and fixedness of character, and of such notoriety, that a jury would feel clear in saying that it was known to the party sought to be affected by it and that he contracted in reference thereto. (Huston, et al., v. Peters, &c., 1 Met., 562; Caldwell, &c., v. Dawson, 1 Met., 125; Bowling v. Harrison, 6 How., 317; Citizen's Bank, of Baltimore, v. Graffin, 1 Am. Rep.; Eagle Distilling Co. v. McFarland, 14 Ky.. Law Rep., 861.)

3. A custom may be used to explain the meaning of words used in contracts, written or oral, but not to add to or modify the con-

.tract. (Howard v. Kellogg, 77 U. S., 987; Adams v. Otterback, 15 How., 539; 19 Am. St. Rep., 635; 11 Am. St. Rep., 632 and note; 8 Am. St. Rep., 771; Hopper v. Sage, 10 Am. St. Rep., 819; Thompson v. Riggs, 6 Wall., 677.)

4. It was not error to permit the stockholders of the corporation to testify in chief after the corporation had introduced other testimony in chief. (Central Pass. Ry. Co., v. Wahle, &c., 13 Ky. Law Rep., 463 ; Smith  v.  Owenton, &c., T. R. Co., 14 Ky. Law Rep., 924.)

SMITH, ROBBINS & THOMAS for appellee.

1. The alleged custom as to the insurance of tobacco by warehousemen is established by the evidence.

2. Stockholders in a corporation who testify for the corporation are to be regarded as testifying for themselves within the meaning of sub-section 4 of section 606 of the Civil Code, and therefore the court did not err in this case, in excluding such testimony after the corporation had introduced other testimony for itself in chief. (10 Bush., 295; D. B. Bayless Store Co. v. McCarthy's. Assee., 15 Ky. Law Rep., 302.)

3. The excluded evidence would have been cumulative merely and therefore its exclusion was not prejudicial. (10 Ky. Law Rep., 975; 10 Bush., 643.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

Appellant complained of the action of the lower court, in refusing to hear the testimony of three witnesses offered by it in chief on the trial, viz.: R. H. Gardner, W. L. Hunt and A. C. Taylor, it being shown that each one was a stockholder in the defendant corporation, and that their testimony was not offered until after it had introduced in chief a witness by the name of Blalock, who was not a stockholder. The materiality of the evidence offered is shown and exceptions duly taken.

We think this ruling of the  lower court  was error. Stockholders of a corporation who may be offered as witnesses in behalf of the corporation do not come within the inhibition against persons testifying in chief after other testimony in chief has been offered, supposed to be contained in the fourth sub-section of sec. 606, Civil Code. This sec-

cion reads: "No person shall testify for himself in chief in an ordinary action after introducing other testimony for himself in chief."    *    *

The word person as used in this sub-section is manifestly synonymous with party to the action. The whole section indicates and refers to what a party may and what a party may not do, as that he shall not testify for himself in chief after introducing other testimony for himself in chief.

Of course the warehouse company, being but an artificial person (a fiction of the law), had not testified, could not testify.

Who can control this order of testimony other than a party to a suit? It is not within the power or authority of witnesses, nor of persons not parties, to suggest or control this matter. Neither of these witnesses offered to be introduced was a party. They had not introduced anybody to testify in the case, neither could they do this, simply because they were stockholders in the corporation. They were not parties to the suit, neither, indeed, could they be. This right of suit or defense is in the body corporate, the artificial person, created under the law by the act of incorporation, and that corporation managed by its board of directors and officers selected for that purpose was and is the only party sued in this case. By their charter they are known as the Western District Warehouse Company, and by that name they are authorized to sue and may be sued.

The record in this case shows that defendant before offering these three witnesses had introduced the president, the vice-president and chief clerk of said corporation.

To refuse the defendant the benefit of the testimony of the witnesses offered, being stockholders, simply because the said corporation had introduced some one else not a stockholder, is not supported either by the letter or spirit

of the section in question, and there is no necessity of extending the provision of the code beyond the lines indicated.

Another error of which appellant complains is that the court refused instruction B offered by it.

Same is as follows: "The court instructs the jury that if they believe from the evidence that the defendant's agent notified the plaintiff or apprized him that his tobacco, turned over and sued for in this case, was at the warehouse at his, the plaintiff's, risk, and the plaintiff acquiesced therein or made no objection thereto, then the law is for the defendant, and the jury should so find, although you may believe that there was a custom of the trade in the Mayfield market that the warehouse should cover said tobacco by insurance."

This instruction contains a sound principle of law, this suit being filed to make defendant liable for certain tobacco destroyed by fire, while held in its warehouse, and upon the allegation that there was a custom in said trade at Mayfield that the warehousemen should insure the tobacco of their customers, and that this tobacco had been deposited and stored with the appellant under and with reference to said custom. This allegation was made by plaintiff in an amended petition, and pending a demurrer, which was then overruled. It required this allegation to make his petition good, that the contract under which defendant held tobacco was made with reference to said custom.

So then, although such a custom did exist, yet if the parties made another contract without reference to the same and different from said custom, or if defendant, before the burning of the tobacco, notified plaintiff that it was not insuring said tobacco, but was holding same at his, plaintiff's, risk, and thereupon plaintiff made no objection, but ac-

quiesced in same, then he ought not to recover. The defendant gave in evidence this notice or statement to plaintiff, and it should be entitled to this defense. We do not find, however, that the defendant had set out said notice or agreement in its answer, and this was doubtless the reason of the refusal of the court of the instruction B asked for.

On return of this cause defendant should have leave to amend its answer if it desires to do so and set out this matter, as shown in evidence.

Instruction No. 1, given by the court, contains a full exposition of the law relied upon by plaintiff. We would suggest, however, that instruction No. 2, intended to embrace the law for defendant, should be redrafted, setting forth clearly, as it should do, that plaintiff can not recover unless the custom, established and proven, covers the state of case under which his tobacco was held by the defendant at the time it was burned.

And again submitting as a part of same or separately to the jury that if side by side with the custom by which warehousemen were required to keep tobacco deposited with them for sale insured, whether there was yet another custom in said trade and between the warehouse proprietors and their customers whereby tobacco held by them after a first sale to brokers or others was not required to be insured by the warehouse proprietors, but was held at the risk of the purchasers. Then submitting both propositions, that claimed by plaintiff and that claimed by defendant, to the jury, within the evidence offered as to the existence of said custom, of course, and then let the jury from the evidence say whether the tobacco held for plaintiff at the time of the fire was held under one or the other of said customs and decide accordingly.

Judgment reversed for further proceedings as herein indicated.