CASE 50—PETITION EQUITY—MARCH 23.

# Vannatta v. Willett's Administrator.

APPEAL FROM SHELBY CIRCUIT COURT.

1. EVIDENCE—TRANSACTION WITH DECEDENT.—One holding a note against a decedent on the back of which are certain credits entered during the life of the decedent, can not, under the provisions of sec. 606 of the Civil Code, after his death give testimony explaining that two of the credits thereon were for one and the same thing; and the fact that the credits were made by the claimant himself in the absence of the decedent does not alter the rule.

P. J. FOREE FOR APPELLANT.

1. The endorsements on the note were not made in the presence of the decedent, and appellant's testimony as to how he happened to make them was not testifying "concerning any verbal statement of, or any transaction with, or act done or omitted to be done by the decedent;" he was simply explaining an act done by him when the decedent was not present and with which decedent had nothing to do.
2. An order confirming a commissioner's report of debts is not a final order. Adkisson v. Dent, 88 Ky., 630; Chorn v. Chorn's Admr., 17 Ky Law Rep., 1178.

J. C. BECKHAM & SON AND G. G. GILBERT FOR APPELLEE.

1. It is impossible for appellant to now testify as to the endorsements on the note, or explain them, without testifying directly as to the number and amount of payments made by decedent to him, which were certainly transactions with the decedent.
2. The judgment confirming the report of debts was in effect, and showed on its face that it was a judgment of the court against the estate of the decedent for the amount of appellant's debt, and appellant made no objection to the judgment, filed no exception to the report, and has taken no appeal from it, and is concluded thereby.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In an action to settle the estate of H. H. Willett, deceased, appellant, Vannatta, filed a note, properly proven, for $5,000 against the estate. This note is secured by mortgage. On the back of this note is endorsed:

"Received the interest on this note to September 22, 1890."

"Received the interest on this note to September 22, 1891."

"Received on the within note $600, September 29, 1893."

"Received the interest on the within note up to September 22, 1893."

The sole question arises as to the competency of appellant as a witness to testify concerning the last two of these endorsements.

Appellant contends that the last two endorsements are for the same thing, i. e., the payment, $600 being the payment of interest up to September 22, 1893. He contends that these endorsements were made by himself in the absence of Willett, and was by his own mistake placed there twice. The court below refused to permit appellant to testify in regard to either credit, and by the endorsement were held *prima facie* payments on the note, only gave judgment for the balance after deducting the credits. From that judgment this appeal is prosecuted.

Subsection 2 of section 606 of the Civil Code provides: "Subject to the provisions of subsection 7 of this section, no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done

or omitted to be done by, an infant under fourteen years of age, or one who is of unsound mind or dead when the testimony is offered to be given, except," etc.

We are of opinion that these credits endorsed upon the note must be held to be transactions with decedent, and concerning which appellant could not testify under the section of the Civil Code above. The mere fact that these endorsements may have been made by appellant himself, and are alleged to have been made in the absence of decedent, can not alter the case. These credits are *prima facie* evidence of the payments as against appellant and we do not understand how he could testify concerning their correctness without necessarily also testifying as to the actual payments by decedent.

Judgment affirmed.