## Mutual Protective League v. Cole.

### (Decided November 11, 1914.)

### Appeal from McCracken Circuit Court.

1. Evidence—Incompetent—Prejudicial.—Where plaintiff, in an action on an insurance policy, was permitted, over defendant's objection, to testify to communications between her and her deceased husband, and concerning verbal statements of transactions with and acts done or omitted to be done by her husband, and such evidence had an important bearing on the suicide and insanity provisions of the policy; held, that its admission was prejudicial to the substantial rights of the defendant.

2. Insurance—Action on Policy—Instructions.—In an action on an insurance policy containing a provision invalidating the policy if the insured "become so far intemperate, or use opiates, cocaine, chloral or other narcotics or poison to such an extent as to

impair his health," the instructions should be substantially in the language of the policy itself, and an instruction is erroneous which requires the jury to believe that the insured died as a result of one of these causes.

D. G. PARK for appellant.

EATON & BOYD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Anna Cole, is the wife of Zelery Cole, deceased. Prior to the latter's death, the Mutual Protective League, a fraternal insurance company, insured his life in the sum of $1,000. The company having refused payment, plaintiff brought this action to recover on the policy. From a verdict and judgment in favor of plaintiff, the company appeals.

Section 4 of the certificate of insurance is as follows:

"If a member holding this certificate shall be convicted of a felony, or shall be expelled from the order; or become so far intemperate, or use opiates, cocaine, chloral or other narcotics or poison to such an extent as to impair his health or to produce delirium tremens; or shall die in consequence of a duel, or while engaged in war, or by suicide, whether sane or insane, or by the hands of beneficiary or beneficiaries named herein, except by accident, or by the hands of justice, or from disease resulting from his own vicious, intemperate or immoral habits, act or acts, or in consequence of the violation or attempted violation of the laws of the State or United States or any other province or nation; or if any of the warranties contained in the application and medical examination are untrue, this certificate shall be null and void. Provided, that in all such cases of death the amount of money contributed to the benefit fund by such member shall be returned and shall be paid to the beneficiary out of such fund in lieu of the benefit."

Pursuant to the above provision of the policy the company interposed three defenses: (1) that the insured came to his death by suicide; (2) that he became so far intemperate and used opiates, cocaine, chloral or other narcotics or poisons to such an extent as to impair his health; (3) that he died from disease resulting from his own vicious, intemperate and immoral habits and acts. These allegations were not only denied by plaintiff, but

she further pleaded that the decedent was insane at the time of his death.

Among the grounds assigned for reversal is the admission of incompetent evidence. It appears that plaintiff was permitted, over the objection of defendant, not only to testify to communications between her and her deceased husband, contrary to sub-section 1 of Section 606, Civil Code, but to testify for herself concerning verbal statements of, transactions with, and acts done or omitted to be done by her husband, contrary to the provisions of Sub-section 2 of Section 606, *supra*. As plaintiff's evidence had an important bearing not only on the question of suicide, but on the question of insanity, we conclude that its admission was prejudicial to the substantial rights of the defendant.

Instructions Nos. 1 and 2 given by the trial court are substantially correct. We conclude, however, that on another trial it would be better to substitute the word "poison" for the words "carbolic acid."

Instruction No. 3 is as follows:

"If, however you shall believe from the evidence in this case, that after plaintiff became a member of defendant's order and the benefit certificate sued on herein had been issued by defendant, said Zelery Cole became intemperate in the use of intoxicating liquors or poisonous cigarettes, opiates or other narcotics, or indulged in immoral habits to such an extent as to materially impair his health or mind, or if you shall believe from the evidence that such intemperate use of such intoxicating liquors or such cigarettes, opiates, narcotics or the indulgence in such immoral habits were the direct and proximate result of the death of said Zelery Cole, then in either of these events the law is for the defendant and you will so find.

"But unless you shall so believe from the evidence then you cannot find for the defendant under this instruction."

This instruction is somewhat confusing in that it combines defenses two and three in such a manner as to lead the jury to believe that before there could be a verdict for the defendant they must find that the insured died from intemperance or the use of opiates, cocaine, chloral or other narcotics or poisons, whereas it was necessary for them to find only that such intemperance or such use of such narcotics or poisons was sufficient to impair the decedent's health. On another trial the court,

in lieu of instruction No. 3, will give an instruction substantially in the language of the policy itself.

In view of the foregoing conclusions, we deem it unnecessary to set out the evidence, or to pass on the other questions raised.

Judgment reversed and cause remanded for new trial consistent with this opinion.