# Equitable Life Assurance Society of the United States v. Bailey.

(Decided May 23, 1924.)

## Appeal from Graves Circuit Court.

1. Witnesses—Beneficiary in Life Policy Cannot Testify what Insured Did and How he Looked or Acted.—Beneficiary in a life and accident policy could not testify in action on policy as to what insured said or did or how he looked at time he took poison to show that he was insane, in view of Civil Code of Practice, section 606, subsection 2.

2. Insurance—No Double Recovery Where Insured Committed Suicide While Insane.—There could be no double recovery under a life and accident policy where insured committed suicide while insane, in view of clause in policy that agreement to pay increased amount in event of death from bodily injury did not cover self-destruction or death resulting from bodily or mental infirmity.

3. Pleading—Insurer Need Not Plead Clause in Defense where Set Out in Petition with Facts in Avoidance.—Insurer need not plead clause in policy as defense where plaintiff in petition sets out such clause and pleads facts in avoidance.

BRUCE, BULLITT & GORDON, WM. MARSHALL BULLITT, ROBERT G. GORDON, LEO T. WOLFORD and ALEXANDER & GREEN for appellant.

HOLIFIELD, GARDNER & McDONALD and BUNK GARDNER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

By two combined accident and life insurance policies, appellant insured the life of O. W. Bailey for $10,000.00 ordinary life insurance, with the further agreement that in case of death caused solely by accident, it would, instead of $10,000.00, pay double that amount, or $20,000.00. About two months later insured took his life by drinking carbolic acid. Shortly thereafter his widow, as beneficiary, instituted this action on the policies and recovered a judgment for $20,000.00, and the company has appealed.

For reversal it is insisted that the court erred, (1) in permitting Mrs. Bailey to testify concerning verbal statements of, transactions with, and acts done by her deceased husband, (2) in permitting a recovery under the double indemnity clause of the policy, (3) in overruling defendant's motion for a peremptory instruction, (4) in giving instruction No. 1, and (5) in permitting physicians, in response to hypothetical questions, to express the opinion that Bailey was insane.

1. Mrs. Bailey, the beneficiary, was permitted to testify, over defendant's objection, how her deceased husband acted, what he did, some things he said, and how he looked shortly before his death, in support of her contention in avoidance of the suicide clause in the policy that he was so insane at the time that he did not understand or appreciate what he was doing.

Subsection 2, section 606 of the Civil Code provides:

"  .  .  .  No person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by one who is  .  .  .  dead when the testimony is offered to be given.  .  .  . "

As Mrs. Bailey was testifying for herself, and her husband was dead when the testimony was offered, it would seem clear that this section positively forbids her testifying concerning verbal statements of, transactions with, or acts done or omitted to be done by him.  It is difficult to conceive how this language affords ground for a contention that such testimony by Mrs. Bailey in this case was competent.

Moreover, in numerous cases we have held that similar evidence offered under like or analogous circumstances was incompetent under this code provision. Turner v. Mitchell, 22 Ky. L. R. 1784, 61 S. W. 468; Northrip's Admr. v. Williams, 30 K. L. R. 1279, 100 S. W. 1192; Vannatta v. Willett's Admr., 103 Ky. 354, 45 S. W. 85; Manhattan v. Beard, 112 Ky. 455, 66 S. W. 35; Townsend v. Wilson, 114 Ky. 504, 71 S. W. 440; Mutual Life Insurance Co. v. O'Neil, 116 Ky. 742, 76 S. W. 839; Mutual Protective League v. Cole, 160 Ky. 805, 170 S. W. 184; Barnett's Admr. v. Brand, 165 Ky. 616, 177 S. W. 461; Kentucky Utilities Co. v. McCarty's Admr., 169 Ky 38, 183 S. W. 237; Young v. Bank of Sweetwater, 187 Ky. 71, 218 S. W. 463; L. & N. R. Co. v. Horton, 187 Ky. 617, 219 S. W. 1084.

Our attention, however, is called by counsel for appellee to quite a number of other cases in which it has been held that such evidence was competent, or that its admission was not error.  In several of these cases the question was not raised, or the testimony was rendered competent in rebuttal by reason of testimony offered by the other side, and for one or the other of these reasons, the following cases relied upon by appellee are rendered inapplicable: Switchman's Union v. Johnson, 32 K. L. R. 583, 105 S. W. 1193; Sovereign Camp of Woodmen v. Landrum, 158 Ky. 841, 166 S. W. 598; North River Ins. Co. v. Walker, 161 Ky. 368, 170 S. W. 983; Columbian Nat. Life Ins. Co. v. Wood, 193 Ky. 395, 236 S. W. 562.

In Illinois Life Insurance Co. v. Delang, 124 Ky. 569, 99 S. W. 616, and Fidelity & Casualty Co. v. Cooper,

137 Ky. 544, 126 S. W. 111, the wife was neither a party to the action nor a beneficiary under the policy, and these, too, therefore, are not in point, but the cases of Metropolitan Life Ins. Co. v. Thomas, 32 K. L. R. 770, 106 S. W. 1175; Bankers' Frat. Union v. Donahue, 33 K. L. R. 196, 109 S. W. 878; and Aetna Life Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523, are directly in point and cannot be distinguished since they hold that the beneficiary may testify in his or her own behalf as to what he or she saw decedent doing.

In the first of these, the Thomas case, the court held the evidence competent because it was not a communication between husband and wife, but that fact only rendered it inoffensive to subsection 1 of section 606, and the court's attention evidently was not called to subsection 2, *supra,* for no argument was, or could have been, offered to show it was not violative thereof.

The Donahue case also holds such evidence competent for the same insufficient reason, and upon authority of the Thomas case, while the Bethel case cites, in support of its like holding, the Thomas, Donahue and Cooper cases, and Manhattan v. Beard, *supra,* whereas, as we have seen, the Cooper case is not apposite and the Beard case is contra.

It is therefore clear, we think, that the cases holding that a beneficiary of a life insurance policy may testify concerning transactions with, or acts done or omitted to be done by the decedent, are not only contrary to the plain and unambiguous provisions of subsection 2 of section 606 of the Code, but that they have no support whatever except the fact such evidence is not violative of another subsection of this section of the Code, which is, of course, no support whatever.

We are therefore of the opinion that the above cases, in so far as they hold that any person may testify for himself concerning verbal statements of, transactions with, or acts done or omitted by one who is dead when the testimony is given must be, and they are, overruled.

It follows that the court erred in permitting Mrs. Bailey to testify as to what her deceased husband said or did, and as to how he looked or acted. And as this was manifestly prejudicial to the defendant, the judgment must be reversed for this reason.

2. We are also of the opinion that the court erred in permitting any recovery whatever under the double in-

demnity clause of the policy. With reference to this liability, the policy contains this clause of exemption:

> "This agreement to pay an increased amount in the event of death from bodily injury, does not cover self-destruction, sane or insane; . . . or death resulting, directly or indirectly, from bodily or mental infirmity."

As it is admitted that the death of the decedent resulted from his taking carbolic acid, and as plaintiff, in avoidance of the customary self-destruction clause with reference to the ordinary $10,000.00 liability, plead and attempted to prove that decedent was so insane at the time he took the carbolic acid that he did not realize the nature or consequences of his act, it is perfectly clear that both her pleadings and proof brought the case directly within another provision of the policy which exempted the company from double liability. In other words, she could not, in order to entitle herself to the $10,000.00 ordinary life insurance, allege and prove that the insured was so insane as not to appreciate the nature and consequences of his act, and at the same time deny that his death resulted directly or indirectly from bodily or mental infirmity, in order to entitle her to the double liability insurance against accidental death.

Counsel for plaintiff, in their effort to avoid this obvious dilemma, argue at great length to prove that insanity is a physical and not a mental infirmity, but we are unable to understand or see the force of this argument, since if it was not technically a suicide, it was certainly either a bodily or a mental infirmity that caused, directly or indirectly, the insured's death, and in any event the company, by the contract of insurance, was relieved of liability for the double indemnity provided against death caused solely from accident.

Nor is their argument sound that defendant could not avail itself of this clause of the policy because not pleaded as a defense, since plaintiff in her petition set out the clause and pleaded facts in avoidance of such anticipated defense, thereby relieving defendant of the necessity of doing more than denying such alleged facts, which it did.

As the evidence at another trial will necessarily differ from that heard at this trial, by reason of the exclusion of the wife's testimony, we refrain from deciding whether or not the court erred in refusing to give a peremptory instruction in favor of defendant, and we do not deem it

necessary to discuss appellant's other contentions, which are disallowed.

For the reasons indicated, the judgment is reversed, and the cause remanded for a new trial consistent herewith.

The whole court sitting.