## OLSCHEWSKE v. PRIESTER et ux.
### (No. 1119.)

(Court of Civil Appeals of Texas. Beaumont. June 25, 1924.)

**1. Witnesses** ⬅159(8)—**Testimony denying alteration of note executed by decedent inadmissible as "transaction" with deceased person.**

Court properly excluded party's testimony that note executed by a decedent was not altered and raised in amount after delivery, since it involved "transaction" with a person since deceased, under Rev. St. art. 3690.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transaction.]

**2. Appeal and error** ⬅882(4)—**Defendant, seeking to recover from plaintiff in representative capacity, cannot complain of her appearance as such.**

Defendant, having by cross-action sought recovery from plaintiff in her representative capacity as independent executor, cannot complain on appeal that she was improperly a party in such capacity, and that therefore defendant should have been permitted to testify to a transaction with her deceased husband, under Rev. St. art. 3690.

**3. Witnesses** ⬅128—**Right of action of one suing as heir and executrix and individually as community survivor held indivisible, as respected right to testify.**

Right of action of one suing in dual capacity, as heir and executrix under will of husband, and in her own right as community survivor, *held* an indivisible cause of action, as respected defendant's right to testify to transactions with plaintiff's deceased husband.

**4. Evidence** ⬅147—**Statement to bank showing available assets, held admissible to show party did not claim to have note set up in answer.**

Statement to bank, showing available assets, *held* admissible as circumstance to show that at that date defendant did not claim to have a note such as was set up in action claimed by plaintiff to have been altered and forged.

**5. Evidence** ⬅271(1)—**Testimony as to conversation held inadmissible as self-serving.**

Testimony concerning conversation between witness and defendant with respect to note claimed to have been altered and forged *held* inadmissible as self-serving.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Simon Priester and wife against William H. Olschewske. From an adverse judgment, defendant appeals. Affirmed.

Wm. Masterson and Andrews, Streetman, Logue & Mobley, all of Houston, for appellant.

Dannenbaum, Amerman & Sears, of Houston, for appellees.

O'QUINN, J. August 23, 1922, Simon Priester and his wife, Fredericka Priester, sued Wm. H. Olschewske to recover certain real estate, alleging that they had conveyed same to the defendant by a deed absolute in form, but, in fact, merely in trust for the purpose of enabling him to execute a mortgage thereon and procure a loan from one Japhet to pay off an indebtedness of theirs amounting to $22,500. September 24, 1922, Simon Priester died and left a will, in which his wife, Fredericka Priester, was named as sole devisee and appointed independent executrix without bond. These facts were set up in an amended petition filed October 24, 1922, by Fredericka Priester in her own behalf and as temporary

administratrix; the same relief being sought, substantially, in the amended petition as in the original.

February 5, 1923, Wm. H. Olschewske filed his first amended original answer. He admitted that the conveyance executed by Priester and wife to him was not absolute, but that same was made for the purpose of enabling him (defendant) to execute a mortgage on. the property to secure the loan of $22,500 made by Japhet, which he did, and also to secure all other indebtedness owing to him by Wm. Priester. He also admitted that it was understood by and between Simon Priester and defendant that the property conveyed by Priester and wife to defendant, known as lots 8, 9, and 10, in block 63, city of Houston, south side of Buffalo bayou, corner Texas avenue and Bagby street, was the separate property of Mrs. Fredericka Priester, and that same was, in fact, conveyed in trust for Mrs. Priester, and that she was entitled to same, and that judgment should be entered in her favor therefor. In his said answer, defendant reconvened against Mrs. Fredericka Priester "as sole devisee and independent executor under the will of Simon Priester," and alleged that the indebtedness owing to him by Simon Priester was partly in the form of an account in the sum of $2,068.47, for moneys advanced and a note dated October 13, 1920, for the sum of $9,400, and prayed for judgment against her as such for the amount of the account and note.

The will of Simon Priester having been duly probated, and Mrs. Fredericka Priester having duly qualified thereunder as independent executrix, she filed a supplemental petition, individually and as independent executrix of the estate of Simon Priester, in which she denied the indebtedness upon said account, and denied that the note for $9.400 set up in defendant's answer in reconvention was executed by Simon Priester or by his authority. She alleged that the note had been falsely and fraudulently altered in a particular and material manner; that it had originally been made out for $400, and that without the knowledge or consent of Simon Priester had been fraudulently raised to $9,-400, thereby rendering the note a forgery and void. This plea she verified under and in accordance with article 1906 of the Revised Statutes. She also alleged that the note in the sum of $400 had been paid out of funds belonging to said Simon Priester which had come into the hands of defendant.

Upon the trial, the only issues submitted to the jury were upon the question of alteration of the note. The jury found that the note had been raised by the defendant from $400 to $9,400, without the consent of Simon Priester. Upon this verdict the court entered judgment (1) decreeing lots 8, 9, and 10, block 63, city of Houston, south side of Buffalo bayou, to Mrs. Priester as her separate property, in accordance with the tender of defendant;

(2) decreeing that as to the other property embraced in the deed from Simon Priester and wife to Olschewske, the same was intended merely as security for the Japhet lot and for no other purpose; (3) finding that there was a balance due to defendant of $1,124, on account of such loan, and giving defendant a lien upon all the property mentioned in the deed in question, except the separate property of Mrs. Priester, tendered in defendant's pleadings, to secure the payment of said sum; and (4) denying defendant a recovery upon the $9,400 note and ordering it canceled. The judgment against Mrs. Priester for $1,124 was against her individually and in her capacity as independent executrix, in accordance with the prayer of defendant in his cross-action.

Motion for new trial was overruled, and defendant appealed.

[1] The sharply contested issue of fact was whether appellant had fraudulently raised the note in question from $400 to $9,400. Appellant's first proposition complains that the court erred in not permitting him, while on the stand testifying in his own behalf, to answer the following question propounded to him by his attorney:

"Did you or any one else ever make any alterations in that note after Mr. Priester signed it?"

Appellee objected to the question, on the ground that this evidence constituted testimony concerning a transaction with a deceased person, and was in contravention of article 3690, Revised Statutes. The objection was sustained by the court, and the testimony excluded. If appellant had been permitted to answer the question, his answer would have been: "No, sir; none whatever." Appellant insists that the testimony was admissible because his denial that any change had been made in the note after its execution and delivery to him was not testimony concerning a transaction with the deceased. The effect of appellant's contention is that anything he may have done or not done to or relative to the note after its execution and delivery to him by Simon Priester did not constitute a transaction with the deceased. In other words, appellant endeavors to separate the "transaction" involved in the alleged raising of the note from the "transaction" involved in the execution of the note; the contention being that the alleged forgery necessarily took place outside of the presence of the deceased, and hence could not be a "transaction" with the deceased. We do not believe the contention is sound. Appellant's cross-action was based upon the note. The testimony offered was concerning the note. The note unquestionably was a transaction with the deceased. The testimony contended for, when the question and answer are considered, was only putting into a negative form the statement:

"Mr. Priester signed that note. After Mr. Priester signed that note, neither I, nor anybody else, ever made any alterations in it; none whatever."

The effect of this testimony is that Priester signed the note; that it had not been changed; therefore he signed it in its present form and for $9,400. It seems plain that this would be testifying directly concerning a transaction with the deceased, and simply because it was offered in a negative form does not relieve it from the inhibition of the statute. The court did not err in excluding the testimony. Johnson v. Lockhart, 16 Tex. Civ. App. 32, 40 S. W. 640; McCampbell v. Henderson, 50 Tex. 613; Abbott v. Stiff (Tex. Civ. App.) 81 S. W. 562 (writ denied); Swan v. Price (Tex. Civ. App.) 162 S. W. 994, 998; Leahy v. Timon, 110 Tex. 73, 215 S. W. 951; Holland v. Nimitz, 111 Tex. 432, 433, 232 S. W. 298, 239 S. W. 185; Perez v. Maverick (Tex. Civ. App.) 202 S. W. 199; Zinn v. Farmer (Tex. Civ. App.) 243 S. W. 523; Adams v. Adams (Tex. Civ. App.) 253 S. W. 605; O'Connor v. Slatter, 48 Wash. 493, 93 Pac. 1078; Young v. Bank, 187 Ky. 71, 218 S. W. 463; Darraugh v. Denny, 196 Ky. 614, 245 S. W. 152; Vannatta v. Willett, 103 Ky. 354, 45 S. W. 85.

Appellant's second proposition is:

"Said $9,400 note having been offered in evidence and having been contested on the ground that the same had been fraudulently altered after its execution, it was error to exclude testimony of defendant to the effect that Simon Priester signed said note in his presence, and that the same was then written as it now appears, and was written out in full as a note for $9,400, and signed in that form by Mr. Priester, as against the objection that the same constituted evidence of a transaction with a deceased person; the further pleadings and evidence in the case showing that, while the suit was being prosecuted by Fredericka Priester individually and as independent executrix of the estate of said Simon Priester, she owned one-half of said property as the survivor of the community estate, and that she was the sole devisee of the remaining one-half, and that the will had been probated, and the estate dropped from the probate docket, and the amount of the property being ample to pay all debts, including this indebtedness of defendant, so that it appeared that the suit was only nominally in favor of said plaintiff in her capacity as executrix, and was in truth and in fact a suit in which she was interested solely as an individual."

This proposition is based upon appellant's fifth assignment of error, which reads:

"Because the court erred in excluding the testimony of defendant offered for the purpose of showing that Simon Priester, deceased, signed the $9,400 note sued on by defendant in the same form as said note now is written, as more fully shown by defendant's bill of exception No. 2."

Bill of exception No. 2 is:

"Be it remembered that upon the trial of the above entitled and numbered cause, and while the defendant Wm. H. Olschewske was testifying as a witness in his own behalf, he proposed to offer his testimony as shown by the following questions propounded by his attorney, and answers made by said witness:

"Q. I show you this note, which we are suing on for you in this cause, the note for $9,400. Did Mr. Priester sign this note? A. He did, yes.

"Q. In your presence? A. He did.

"Q. When he signed it, was it written as it is now? A. Yes, sir; right now.

"Q. The $9,400, the figures at the top, and the date line were written then? A. Yes, sir; and wrote out in full.

"Q. And it was signed in that form, and in the presence of Mr. Priester? A. Yes, sir.

"To which questions said defendant would, if permitted by the court, have answered as above stated, but to said questions and to the answers proposed to be made thereto by said witness, the plaintiffs objected on the ground that the same constituted transactions with Simon Priester, who was deceased, and for said reason were inadmissible; which objection was sustained by the court, and the court refused to permit said questions to be asked and answered by said defendant. To which, etc."

If we understand appellant's contention under this proposition, it is that Mrs. Priester held the property independent of the probate court, and with full and complete power of disposition, subject to the payment of any debts against the estate, but, in fact, owning in her own right all of the property, it being merely subject to the lien existing to secure the indebtedness, and therefore the rule against a defendant testifying as to transactions with a deceased does not apply, for the reason that the suit by Mrs. Priester as executrix was merely a formal title, the sole interest in the property being in her as an individual, and hence appellant should have been permitted to testify fully with reference to all the transactions attending the execution of the note. Evidently, appellant is not contending that this evidence is admissible if appellee is properly in the case in her representative capacity, but the effect of the contention is that appellee having been devised the entire estate, and the estate being sufficient to pay all debts, including appellant's claim that she is improperly a party in her representative capacity, and that therefore article 3690 does not apply. The suit was originally brought by Simon Priester, his wife joining him as plaintiff. After the death of Priester, Mrs. Priester filed an amended petition in her individual right and as temporary administratrix of her husband's estate. After Priester's will was probated, she filed her supplemental petition as independent executrix and in her individual capacity. She was the sole devisee under her husband's will. Counsel for appellant, in his brief, says:

"The records will hardly disclose a case of greater hardship than that imposed upon the defendant in this case. The plaintiff, who admittedly knew nothing about the transactions,

was permitted by a plea made solely upon her information and belief, to put in issue the validity of this note. This issue being so raised, the defendant was subjected to the unfair ordeal of a trial upon a charge amounting to a felony made in a civil case; wherein, with no real interest except as an individual, she had seen fit to drag in her character as executrix and thereby precluded the defendant from offering any testimony of explanations of the transaction by which and out of which this note arose."

[2] Mrs. Priester brought this suit to recover certain real estate, saying nothing about the note in question. Appellant has himself to blame solely for the predicament which he says he occupies. He brought the open account ·and the note into the case by his cross-action, and prayed for judgment against her, both individually and as independent executrix of the estate of Simon Priester, deceased, and actually obtained judgment against her as such on the open account. It thus appears that if Mrs. Priester was "dragged" into the case in her representative capacity, appellant was a party to the "dragging," and took judgment against her as such, and therefore should not complain.

[3] The assignment is overruled. Mrs. Priester was plaintiff in a dual capacity, that is, as heir and executrix under the will of her husband, and in her own right as community survivor. If a party plaintiff in her own right, the testimony was admissible against her; but as against her in the capacity of heir and executrix under the will of her husband it was not admissible. Her suit is not one for the recovery of distinct and severable interests. The interests upon which recovery is sought by Mrs. Priester are not severable, but are joined in the same person, and the right to their enforcement constitutes an indivisible cause of action. Spencer v. Schell, 107 Tex. 44, 173 S. W. 867; Dunn v. Vinyard (Tex. Com. App.) 251 S. W. 1043; Langston v. Robinson (Tex. Civ. App.) 253 S. W. 658, 659; Ralls v. Ralls (Tex. Civ. App.) 256 S. W. 696.

[4] Appellant's third proposition asserts error in the court's permitting appellee to introduce a certain statement made by appellant to a bank, showing his available assets. The assignment is overruled. The statement was made by appellant some 18 months after the alleged note was executed, and the statement did not include the note. It was admissible as a circumstance showing that at that date appellant did not claim to have any such note.

[5] Appellant's fourth proposition complains that while his witness Mrs. Hardin, his sister, was testifying, and had already testified that she saw the $9,400 note in question on the afternoon of the day that it was alleged to have been executed, and that at that time she had a conversation with de-

fendant, her brother, about the note, and that he on said date told her that he was indebted in about the amount of the note to their mother, and that he expected to keep the note and set it aside for the purpose of paying the indebtedness to their mother, about $10,000, out of the proceeds of the note. This testimony was objected to by appellee on the ground that it was self-serving, made out of the presence of Simon Priester, the maker of the note, and inadmissible, which objection was sustained by the court. This assignment is overruled. The testimony was not admissible.

The judgment should be affirmed, and it is so ordered.