## Pritchard v. Wilford et ux.
## Melvin v. Same.
(Decided Nov. 4, 1937.)

456

WEBB & WEBB for appellants.

J. E. WARREN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming on appeal and reversing on cross appeal.

Minnie Pritchard sued R. H. Wilford and wife on an $1,800 note, subject to certain credits, dated June 1, 1933, and secured by a mortgage lien. About the same time J. C. Melvin sued R. H. Wilford on an $897.40 note executed June 1, 1933, and secured by a mortgage. In each suit Wilford interposed a plea of usury. The two suits were consolidated and heard together. In each case usury was allowed and judgment rendered for the balance. Minnie Pritchard has appealed, and Melvin has prayed an appeal. Wilford and wife have been granted cross-appeals.

The facts are: On November 13, 1907, Wilford executed to Harvey Melvin two notes, one for $600 and the other for $800, each bearing interest at the rate of 10 per cent. On these notes numerous credits were indorsed. On November 28, 1921, Wilford executed a new note to Harvey Melvin for $661, it being the balance due on the two prior notes of $600 and $800. On April 13, 1925, Wilford executed to Harvey Melvin a note for $1,237, bearing 8 per cent. interest, which was made up of a loan of $400, and the balance due on the $661 note of November 28, 1921. In renewal of the $1,237 note, Wilford, on December 7, 1927, executed to Harvey Melvin a note for $1,537, bearing 8 per cent. interest. On March 21, 1931, Wilford executed to Harvey Melvin a note for $2,309, bearing 8 per cent. interest. This note represented a new loan of $332, and the balance due on the $1,537 note dated December 7, 1927. Harvey

Melvin died intestate, leaving Minnie Pritchard and J. C. Melvin and two other children. By agreement between the four heirs, his estate was divided in kind, and the note for $2,309 passed to Minnie Pritchard and J. C. Melvin. By arrangement between the parties the balance claimed to be due on that note was renewed by the execution of the two notes sued on.

The first question for determination is, whether there was sufficient proof of usury. The only payments in controversy were those made on the original $600 and $800 notes executed November 13, 1907. On the $600 note appear the following indorsements:

"Paid on the within note $225.00 this 2d day of April, 1909."

"Interest paid on the within note up to date and $100.00 on principal this July 30, 1909."

"$100.00 paid on the within note this February 21, 1910."

On the $800 note are the following indorsements:

"Interest paid on the within note up to date this March 22, 1911."

"Interest paid on the within note up to date this March 22, 1912."

"Interest paid on the within note up to date this July 22, 1914."

"Interest paid on the within note up to this date March 10, 1917 and $200.00 on principal."

"Interest paid on the within note up to date this August 14, 1920."

It is true that the mere indorsement by the payee of a credit on a note and the date of payment is not sufficient of itself to extend the period of limitation. Richardson's Adm'r v. Morgan, 233 Ky. 540, 26 S. W. (2d) 32. The reason for the rule is that, as to the payee, the indorsement of the date of payment is self-serving. As affecting the amount due on the note, the rule is different. Credits indorsed on the note by the payee are against interest, and are prima facie evidence of payment. Vannatta v. Willett's Adm'r, 103 Ky. 354, 45 S. W. 85, 20 Ky. Law Rep. 59; Goins v. Taylor, 37 S. W. 68, 18 Ky. Law Rep. 468. For the same reason we are inclined to the view that, when a note bears a certain rate of interest, and the payee indorses on the note "in-

terest paid on the within note up to date," the presumption is that interest was paid at the specified rate. Without discussing other evidence, we think the indorsements alone were sufficient to make out a case of usury.

But the point is made that, as the usury was paid to the father of appellants, and there were two other heirs, each of them should not be charged with more than one-fourth of the usury. Perrin v. Ammerman, 2 Ky. Op. 616, is relied on. The basis of that opinion is that plaintiff, who was one of several heirs, and had received the note from his father's estate, was induced by the maker to surrender the note and accept another note on himself in satisfaction thereof, and to receipt to the administrator for same as a payment on his distributable share of intestate's estate, and he could not thereafter have recovered of the administrator any loss he might have sustained by the transaction. In the case before us a different situation is presented. When approached by Mrs. Pritchard and J. C. Melvin concerning the note for $2,309, Wilford informed them that he was unable to pay. He was then asked if he desired to renew the note, and he stated that either that, or suit to collect, was the only thing that could be done. Thereafter the $2,309 note belonging to the estate was renewed by the execution of the two notes sued on at the suggestion of the payees. In the circumstances it cannot be said that Mrs. Pritchard and J. C. Melvin were induced by Wilford either to surrender the old note and accept the renewals, or to take any other action to their prejudice. That being true, the case falls within the rule that, where an heir or devisee of the holder of a usurious obligation comes into possession of it by reason of being an heir or devisee, and the obligation is renewed to him, it is not a payment of the usury in the old obligation and the new one may be impeached because of usury. Taulbee v. Hargis, 173 Ky. 433, 191 S. W. 320, Ann. Cas. 1918A, 762; Smith v. Broyles, 15 B. Mon. 461. We therefore conclude that the notes in question should be purged of all the usury.

It follows that appellants are not entitled to any relief.

Inasmuch, however, as they admit that, if the plea of usury is sustained, the amount allowed is too small, it follows that the judgment is erroneous as to appellees.

The court will not undertake to calculate the

amount of usury. It is sufficient to say that the partial payment plan should be followed, and that the payment of any excess of interest over the legal rate should be credited on the principal of the note or notes.

Wherefore, the judgment is affirmed on the original appeal and reversed on the cross-appeal, and the cause remanded for proceedings not inconsistent with this opinion.