# Johnson v. Mutual Benefit Health & Accident Ass'n.

May 5, 1950.

Sidney B. Neal, Judge.

Robertson & James, R. Miller Holland, Jr. and William F. Bennett for appellant.

Bullitt, Dawson & Tarrant for appellee.

JUDGE LATIMER—Affirming.

Appellee, Mutual Benefit Health and Accident Association, had issued an accident insurance policy to William E. Johnson, husband of appellant, Madge Johnson, wherein appellant was the designated beneficiary. No question has been raised as to the validity of the policy. It was stipulated that all premiums had been paid at the time of Johnson's death and that proof of loss was in form and order. On February 25, 1948, Mr. Johnson died from gunshot wound. Mrs. Johnson instituted this action to recover on the policy for accidental death. The Company defended on the ground that Johnson met his death by suicide, relying on this provision of the policy: "* * * against loss of life.* * * resulting directly and independently of all other causes, from bodily injuries

sustained * * * through purely Accidental Means (Suicide, sane or insane, is not covered) * * *.''

On trial of the cause, the jury returned a verdict in favor of the insurer. Mrs. Johnson appeals.

As there is no claim of insufficiency of evidence to sustain the verdict, it will not be necessary to discuss the evidence relative to the question as to whether or not Johnson met his death accidentally or intentionally.

It is contended, first, that the trial court was illegally constituted because of the failure of a juror by the name of Howard to answer correctly a question put to him on voir dire examination. This juror appears to have been an officer in the Owensboro Federal Savings and Loan Association, which had a mortgage on Mrs. Johnson's property. On voir dire examination, this question was propounded to the jury: ''Do any of you have any other reason to offer why you cannot sit in this case and give the plaintiff, or the defendant, a fair verdict according to the evidence and under the instructions of the court?'' Mr. Howard remained silent, indicating thereby no reason why he could not sit in the case and render a fair verdict therein. It is argued that this Court has repeatedly held that where a juror fails to disclose on voir dire any interest, however slight, in the subject matter of the action, or any fact or relationship to the subject matter of the parties which might influence him or deprive the parties of a fair trial, thereby depriving the parties of their right to challenge peremptorily, a new trial will follow as a matter of law. Hess' Adm'r v. Louisville & N. R. Co. et al., 249 Ky. 624, 61 S. W. 2d 299, is cited in support of this view. The above case treats basically the question involving the interest of a juror in the subject matter of litigation and recognizes fully the standard of disinterestedness and impartiality applicable to every juror sitting in a case.

In Drury v. Franke, 247 Ky. 758, 57 S. W. 2d 969, 88 A.L.R. 917, the court discusses quite elaborately the reasons why a litigant is entitled to a new trial because of false answer given by a juror on voir dire examination. See also Schreiber v. Roser, 258 Ky. 340, 80 S. W. 2d 1.

As stated in appellee's brief, it is difficult to determine whether appellant complains that the juror failed

to reveal that Owensboro Federal Savings and Loan Association had a loan on her property or that he was an officer of that Association. In the event it was the former, she knew that the Association had a mortgage on her property as she was the mortgagor. In the event of the latter, even though she may not have known that Howard was an officer of the Savings and Loan Association, it isn't at all difficult to believe that her attorneys knew of his connection therewith, although generally such knowledge would not be chargeable to 'her. If a litigant has knowledge of facts that would make a juror objectionable. he cannot sit quietly by, accept the juror, and then, after unsatisfactory verdict has been returned, raise the question. See Galliaer v. Southern Harlan Coal Co., 247 Ky. 752, 57 S. W. 2d 645; and Drake's Ext'r v. Drake, 107 Ky. 32, 52 S. W. 846. However, in the instant case, we have the overshadowing fact that this juror, whose Company held a mortgage on appellant's property, if sympathetic, would naturally and logically be in sympathy with appellant. It is not difficult to conceive that his interest may have been for appellant to recover as further assurance that she would be ably in position to satisfy the mortgage. Instead of being prejudicial to her, it, obviously, lies that the prejudice, if any, would operate the other way. Had a judgment been rendered in favor of appellant, and the Company raised this question, appellant's reasoning could well have been followed. The fact is, the situation, in each case cited by appellant in support of her position, is converse to the situation in the instant case. The question as propounded was general and more or less vague. This juror's silence indicated that there was nothing which would prevent him from rendering a fair and impartial verdict. Under the state of facts here, it appears that the question, as far as appellant was concerned, was in good faith answered properly, and certainly his sitting could not be considered prejudicial to appellant's cause.

In connection therewith, another point urged is that the jury based its verdict on facts and evidence other than that given at the trial, in that this juror, Howard, made statements to the jury about the mortgage which his Company held on appellant's property. Obviously, this would tend to create sympathy for appellant and is calculated in no way to prejudice the rights of appellant.

Appellant complains also that the court erred in refusing to allow her to testify as to the actions of her deceased husband on the day of the alleged accident. Appellant asks this court to erase momentarily from its mind previous decisions interpreting sec. 606(2) of the Civil Code of Practice and consider the words afresh. Appellant insists that since she was the only person in the company of her husband for a considerable period prior to his alleged accident, and since her testimony relative to his actions would have had considerable value in showing deceased's state of mind and normality of manner prior to the shooting, she should have been allowed to testify on direct examination as to the actions of her deceased husband on the day of the shooting. We need only to call attention to some of the numerous decisions of this Court construing sec. 606(2) of the Code. Equitable Life Assur. Soc. v. Bailey, 203 Ky. 339, 262 S. W. 280, 39 A. L. R. 160; North American Acc. Ins. Co. v. Caskey's Adm'r, 218 Ky. 750, 292 S. W. 297; Penick v. Metropolitan Life Ins. Co., 220 Ky. 626, 295 S. W. 900; Prudential Ins. Co. v. Hodge's Adm'x, 232 Ky. 44, 22 S. W. 2d 435; and Pyramid Life Ins. Co. v. Milner, 289 Ky. 249, 158 S W. 2d 429, 138 A. L. R. 1507. We find no error here.

Complaint is next directed to refusal of the court to admit as exhibits a small bottle of oil and rag. The alleged accident happened early Saturday afternoon in the bathroom of the Johnson home. Appellant undertook, through her daughter, to introduce evidence about a small bottle of oil and rag which the daughter found under the bathtub on Monday following the shooting. Appellee objected to the introduction of this evidence on the ground that the integrity of the rag and bottle had not been established. It is pointed out that, undoubtedly, during the excitement which would naturally follow an accident of this character, numerous persons had been in the bathroom between the hour of the shooting and the time these proposed exhibits were found. We think, under the circumstances, the court properly excluded them.

It is also insisted that it was error to allow Mr. Tappehorn, the Insurance Company's Claim Agent, to testify on behalf of defendant below after the introduction of other evidence in chief. Especially so since this

witness was allowed to remain in the courtroom as a representative of the Company even though all witnesses, other than the parties, had been excluded. It is argued that since this witness represented the Company, he, in fact, was the party. and, consequently, should not have been allowed to testify after the introduction of other testimony. Appellant relies on Civil Code of Practice, sec. 606(3). We call attention to our holdings that, in a case wherein one of the parties is a corporation, no objection lies, under the section of the Code above, to that party's introduction of stockholders of the corporation, its president, or its agent, after having introduced other evidence in chief. See Smith v. Owenton, etc., Turnpike Co., 14 Ky. Law Rep. 924; Western District Warehouse Co. v Hayes, 97 Ky. 16, 29 S. W. 738; Rakestraw v. Sebree Deposit Bank, 189 Ky. 668, 225 S. W. .506; and Central Passenger R. R. Co. v. Wahle, 13 Ky. Law Rep. 463. In fact, Mr. Tappehorn testified only as an expert on pistols. Prior to the introduction of Tappehorn, appellee introduced the police officers who found the pistol in the bathroom, and by whom the integrity of the pistol was established. Mr. Tappehorn was then introduced as an expert to testify only about the pistol. We find no merit in appellant's contention in this respect.

Finally, it is contended that the court erred in allowing only 25 minutes to a side for final argument. The jury heard the testimony of 14 witnesses. The trial consumed more than a full court day. The record does not show whether the time, as given, was arbitrarily limited or set by the court, or arrived at by agreement. It does not show that more time was requested, or that any objection or exception was made to the limitation of 25 minutes. This point was raised in motion and grounds for new trial, but no mention of it is made in the bill of exceptions. There must be some basis in the record or we cannot consider such complaint.

We find no error prejudicial to the rights of appellant.

The judgment is affirmed.