MASSACHUSETTS BONDING AND INSURANCE CO., Appellant,

v.

W. T. HUFFMAN et al., Appellees.

INTER–OCEAN INSURANCE COMPANY, Appellant,

v.

Nancy HUFFMAN, Appellee.

Court of Appeals of Kentucky.

Nov. 18, 1960.

John M. Stephens, Hobson & Stephens, Pikeville, for appellants.

J. Ervin Sanders, Fred B. Redwine, Sanders & Redwine, Pikeville, for appellees.

PALMORE, Judge.

These are companion cases in which recovery is sought under two policies insuring the late T. N. Huffman, Jr., against death by accidental means. Following a joint trial by the court without a jury judgments favorable to the plaintiffs were entered on the basis of a finding of fact to the effect that Mr. Huffman's death was caused by injuries sustained in an automobile accident. On motions for appeal the only question is whether that finding is supported by substantial evidence.

At the time of his death, in March of 1957, T. N. Huffman, Jr., and his wife, residents of Pikeville, Kentucky, were sojourning at Ft. Pierce, Florida. In the late afternoon of March 15 Mr. Huffman, accompanied by his wife, drove to the home of Dr. H. C. McDermid, a physician in Ft. Pierce, and told the doctor that for some two weeks he had been suffering a vague upper abdominal and lower chest discomfort. The only previous trouble he related to the doctor was that at some time in the past he had been given belladonna for a stomach condition. Considering his age (he was 56), Dr. McDermid advised a complete physical examination, including cardiogram and stomach X-rays, and suggested that he call for an office appointment. Meanwhile, the doctor told Mr. Huffman, he would telephone a prescription for temporary relief for his stomach. There was no indication at this time that Mr. Huffman was in acute discomfort or distress. He returned to his automobile and drove away.

Within ten minutes after this conversation Dr. McDermid received a telephone call that there had been an automobile accident in the next block from his home, and he went immediately to the scene. The Huffman car had struck a palm tree on its right hand side of the road, and Mr. Huffman was in an ambulance ready to be taken to the hospital. Dr. McDermid drove directly to the hospital, where he met the ambulance and found Mr. Huffman to be dead on arrival. The doctor's examination was very cursory. There was no autopsy, and after preparation by an undertaker in Ft. Pierce the body was returned to Pikeville for burial.

So far as any of the witnesses were able to say, there were no marks of violence on the body of the decedent except for a "hole" or depressed place in the skin, about the size of a quarter, near the left temple. This was noticed by three of his friends as he lay in the casket. One of them described it as looking "like a spot that had been a bruise." Another said that "it looked like something had penetrated the outer skin." Mrs. Huffman said there were no such bruises or discolorations before the accident. Whether the mark was there after the accident but prior to the embalming process was not shown.

The road or street where the accident occurred was paved and straight. There was no evidence to explain why the automobile deviated from it. Mrs. Huffman said, "The first thing I knew we had hit this tree. Tom grabbed his stomach and said, 'Turn the key off, honey.' That's the last I know." Apparently Mrs. Huffman was not injured. Nor was the car damaged seriously. The bottom of the steering wheel was bent slightly, and the front bumper was bent, but the vehicle was operable and was driven on to Pikeville before being repaired.

Based on the scant information stated above, Dr. McDermid testified that in his opinion death resulted from a coronary occlusion. This was the cause of death entered by him on the death certificate. Based on testimony reflecting this same information the trial court found that death resulted from an accident.

▇ The burden of proof as to the cause of death was on the plaintiffs. National Life & Accident Ins. Co. v. Kendall, 1933, 248 Ky. 768, 59 S.W.2d 1009; Standard Accident Ins. Co. v. Strunk, 1927, 220 Ky. 256, 294 S.W. 1085.

▇ In practical effect, the findings of fact of a trial court must be measured by the same test applicable to a jury verdict. If not supported by substantial evidence they are "clearly erroneous" under CR 52.01. Yates v. Wilson, Ky., 339 S.W.2d 458.

▇ The evidence of Mrs. Huffman as to what her husband said and did was inadmissible by reason of KRS 421.210(2). North American Acc. Ins. Co. v. Caskey's Adm'r, 1927, 218 Ky. 750, 292 S.W. 297 (holding that decedent's widow, beneficiary of the insurance policy sued on, could not give eye-witness testimony that her husband was thrown from a wagon); Johnson v. Mutual Benefit Health & Accident Ass'n, 1950, 312 Ky. 776, 229 S.W.2d 758. Even so, it raised no more than a mere possibility that her husband received an injury in the accident, and the same is true with respect to the mark later observed on his temple. This was not enough to sustain the burden of proof.

▇ Following so closely after the accident there may be a supposition that Mr. Huffman's death resulted from it, but a judgment cannot be rested on a supposition. North American Acc. Ins. Co. v. West, 1932, 245 Ky. 316, 53 S.W.2d 692 (a very similar case, decided under the scintilla rule); National Life & Accident Ins. Co. v. Kendall, 1933, 248 Ky. 768, 59 S.W.2d 1009; Federal Life Ins. Co. v. Sivels, 1934, 256 Ky. 520, 76 S.W.2d 608.

As we have reached the foregoing conclusion solely on the insufficiency of the plaintiffs' proof it is unnecessary to discuss the admissibility and effect of the Florida death certificate. The motions for appeal are sustained and the causes reversed with directions that the complaints be dismissed.