Case 92.—ACTION BY THE CITY OF BARDSTOWN AGAINST
NELSON COUNTY FOR EXPENSES INCURRED IN PRE-
VENTING THE SPREAD OF SMALLPOX.—January 11.

## City of Bardstown v. Nelson County.

| 121 | 737 |
| f131 | 698 |

Appeal from Nelson Circuit Court.

SAMUEL E. JONES Circuit Judge.

Judgment for defendant. Plaintiff appeals. Re-
versed.

1. New Trial—Successive New Trials—Statutory Provisions—
Civ. Code Prac., sec. 341, providing that not more than two
new trials shall be granted on the ground that the verdict
is not sustained by the evidence, does not preclude the grant-
ing of any number of new trials for errors of law in giving
instructions and admitting incompetent evidence.
2. Health—Establishment of Quarantine—Actions for Expenses—
Proceedings of Board of Health—Conclusiveness—In an action
by a city to recover from the county expenses incurred in
quarantining premises pursuant to direction of the county
board of health, the diagnosis made by the board of health
of the case, on account of which the quarantine was estab-
lished and its action in directing the establishment of the
quarantine are conclusive as to those matters on the city
and the fiscal court of the county.
3. Evidence—Opinions of non-experts—Diagnosis of Disease—In an
action by a city to recover from a county the expense in-
curred in quarantining premises pursuant to directions of the
county board of health, testimony of non-expert witnesses
that the person on account of whom the quarantine was es-
tablished did not have the smallpox was incompetent to es-
tablish the nature of the disease from which such person was
suffering, or to aid the jury in determining the reasonable-
ness of the city's charges for the articles furnished and ser-
vices rendered by it.
4. Trial—Instructions—Submission of Uncontroverted Questions—
Instructions submitting to the jury questions as to which
there is no issue of fact or contrariety of proof are improper.

vol. 121—47

5. Appeal—Disposition of Cause—Effect of Decision—Law of Case —An opinion of the Court of Appeals in a case is, on a retrial of the same case, res judicata of the questions decided thereby.

6. Health—Establishment of Quarantine—Recovery of Expenses— Invalid Contract—Under Ky. Stats. 1903, sec. 3632, prohibiting city officers from being interested in doing any work or furnishing any supplies for the use of the city, a contract between a member of a city council and the city for the erection of a guardhouse near quarantine premises is void, and the city is not entitled to recover from the county, under the directions of whose board of health the quarantine was established, any sum paid to the councilman on account of such contract.

7. Same—Items of Recovery—In an action by a city to recover from a county expenses incurred in establishing a quarantine pursuant to directions of the county board of health, the city can not recover expenses incurred for purposes other than to prevent the spread of the disease on account of which the quarantine was established.

GEO. S. & JNO. A. FULTON and R. C. CHERRY for appellant.

### POINTS AND AUTHORITIES.

1. In view of the fact that this is the second appeal of this case; that the evidence on both appeals is identical, and that the court on former appeal, reversing, said the liability sued on "must be paid by the county as its other obligations are;" that "all the evidence was in favor of appellant (city), but the verdict was for appellee (county)," the verdict and judgment appealed from can only be accounted for in one of three ways, or as a result of all combined, viz., incompetent evidence admitted by the court improper instructions given by the court, or passion or prejudice on the part of the jury. (City of Bardstown v. Nelson County, 78 S. W., Rep., 169; vol. 25, Ky. Law Rep., 1478.)

2. Notwithstanding this court has said on former appeal that the judgment and action of the county board of health, concerning matters within their discretion, was conclusive and binding on the county, yet the lower court committed the flagrant error of permitting worthless, ignorant negroes to challenge the judgment of the board of health and testify before the jury that the patient was not sick and did not have smallpox. (City of Bardstown v. Nelson County, supra.)

3. All the evidence being one way, and it being proven and uncontradicted that Drs. Gore, Blinco and Pope constituted the local board of health of Nelson county, it was error in the court

to submit that question as he did to the jury, and the submission of that question to the jury was calculated to, and did confuse and mislead the jury greatly to the prejudice of appellant, and the jury, persuaded by the improper argument of counsel, under the improper instruction of the court, were thereby influenced to find against appellant. (Henning v. Stevenson, &c., 80 S. W. Rep., 1135; L. & N. R. Co. v. Earl's Adm'x, 94 Ky., 368; State v. Harold, 9 Kan., 194; vol. 11, Ency. Plead. & Prac., p. 134.)

4. This court having decided on first appeal (the evidence as to appointment on this appeal being identical), that "the State Board of Health regularly appointed three persons (Drs. Gore, Blincoe and Pope) as the local board of health of Nelson county, the question of their appointment was res adjudicata, and the lower court committed flagrant error in submiting that question to the jury. (Thompson v. Brannin, &c., 15 Ky. Law Rep., 36; City of Bardstown v. Nelson County, supra; Thompson v. Brannin, &c., 19 Ky. Law Rep., 454; Herman on Estoppel & Res Adjudicata, vol. 1, sec. 115.)

5. Instruction No. 1 was erroneous and very prejudicial to appellant in directing the jury to disallow the account of C. R. Barnes, because said Barnes was a member of the city council at the time. Sec. 3632, Ky. Stats., only applies to the furnishing of anything by a councilman "for the use of the city." Under no less authority than the former opinion of this case, the lumber, etc., was furnished to the appellant county and not to the city, the city being merely the agent of the county or fiscal court whose duty it was to furnish the necessary supplies. (See Ins. No. 1, and record.)

NAT. W. HALSTEAD, County Attorney, for appellee.

F. E. Daugherty of counsel.

Sec. 341, of the Civil Code, provides that no more than two new trials shall be granted to a party upon the ground that the verdict is not sustained by the evidence. It is true the reversals of this case have been upon questions of law; but the fact still remains that there have been three findings in the same way upon the same evidence, and while the case may not be within the letter, it is clearly within the spirit of the statute, and it is also within the rule laid down in the decisions of this court prior to the enactment of the statute.

### AUTHORITIES CITED.

L. & N. R. R. Co. v. Geaves' Ass'ee, 78 Ky., 75; Dorsey v. Dougherty, — Marsh., 183; Bennett v. Runyan, 4 Dana, 422.

OPINION BY JUDGE SETTLE—Reversing.

This is the second appeal of this case, and as the opinion on the first appeal (see City of Bardstown v. Nelson County, 78 S. W., 169, 25 Ky. Law Rep., 1478), contains such a clear and elaborate statement of the facts we deem it unnecessary to repeat them. Suffice it to say, that Drs. Gore and Pope, two of the three members of the board of health of Nelson county, having by a personal examination and diagnosis of the patient, discovered a case of smallpox in a negro settlement of Bardstown, decided at a meeting of the board of health, which was also attended by Dr. Blincoe, the third member, that immediate action should be taken to prevent the spread of the disease. They therefore caused a meeting of the city council to be held, and as health officers demanded that they establish a quarantine at the house in which the negro afflicted with the smallpox, and some twenty or thirty other persons of the same race, lived, all of whom, including the sick man, were without property or money. The board of health also directed the city council to have all persons residing in the immediate neighborhood of the infected house vaccinated. These mandates of the board of health were obeyed by the city council, in doing which, it is claimed, the city was compelled to, and did, expend $202.71, and, this amount the fiscal court of Nelson county having refused to pay, appellant brought this action to recover.

The judgment resulting from the first trial was reversed by this court; that of the second trial was set aside by the lower court, and a new trial granted appellant upon motion and grounds filed by its counsel. It is conceded by counsel for appellant and appellee that the evidence introduced upon the last

trial of this case is the same heard on the two former trials; and this is doubtless true, except that two of appellant's witnesses, Drs. Blincoe and Pope, members of the board of health who testified on one or both of the former trials, died before the last trial occurred. Consequently appellant did not receive the benefit of their testimony at the last trial; but, as all the facts to which they testified were given in evidence by Dr. Gore, the third member of the county board of health, and he was uncontradicted, it may fairly be said that the evidence at the last trial does not differ from that given an the first and second trials.

It is insisted for appellee that as three verdicts have been returned in its favor, and two new trials granted appellant, the granting to the latter of the third new trial is forbidden by section 341 of the Civil Code of Practice. The section supra only declares that "a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor in any other action in which the damages equal the actual pecuniary injury sustained; nor shall more than two new trials be granted to a party upon the ground that the verdict is not sustained by the evidence." In the case at bar the complaint is, not only that the verdict is not sustained by the evidence, but also that the lower court committed numerous errors of law to appellant's prejudice, both in the matter of giving instructions and admitting incompetent evidence. If this be true, the provision of the Code relied on has no application. Errors of law that are prejudicial to the substantial rights of the unsuccessful party will always authorize a new trial, provided he preserves his rights by excepting of record to such

errors when made or committed. So in this case the right of appellant to a reversal of the judgment and to the new trial that would result therefrom must be made to depend upon whether or not the trial court erred in the particulars indicated.

We are of opinion that none of the instructions given by the lower court conform to the law of the case. It was improper to submit to the jury the issue presented by instruction No. 2, as there was no conflict in the evidence as to whether or not the case of John Jones, the sick person, was diagnosed by two members of the local board of health, and declared to be smallpox. Dr. Gore so testified, and his statement was uncontradicted by competent evidence. In lieu of instruction 2, the court should have instructed the jury that the action of the board of health in diagnosing the case of Jones and declaring him ill of smallpox, and in directing the quarantine to be established by appellant, city of Bardstown, was conclusive as to it and the fiscal court of Nelson county, and should be so regarded by the jury in arriving at a verdict. Instruction No. 2 was bound to have been prejudicial to appellant, in view of the admission by the court of the incompetent testimony of the colored man, Handley, and his sister, Frances Handley, to the effect that Jones did not have the smallpox. These witnesses were not and did not claim to be experts, nor were they familiar with the disease or experienced in its treatment. Therefore the appellant's objection to their testimony and motion to exclude it should have been sustained. The prejudicial effect of the testimony in question was not lessened by the court's admonition to the jury that it might be considered by them in determining the reasonableness of appellant's charges for the ar-

ticles furnished and services rendered by it in pre-
venting the spread of the smallpox. We are unable
to see that this testimony was any more competent
for the purpose the jury were told by the court to
consider it than it would have been on the question
of whether or not Jones had the smallpox.

Instruction No. 3 should not have been given, as it
submitted to the jury the question of whether Drs.
Gore, Pope and Blincoe constituted the local board
of health of Nelson county, and whether the articles
and services appellant sued for were furnished by
direction of the local board of health in an effort to
suppress smallpox, when there was no issue of fact
or contrariety of proof as to either of these propo-
sitions. Besides, this court expressly decided on the
first appeal, and upon evidence identical with that
of the last trial, that the State Board of Health reg-
ularly appointed three persons (Drs. Gore, Blincoe
and Pope), as the local board of health of Nelson
county, and condemned the action of the lower court
in leaving to the decision of the jury the question as
to whether the local board of health "had met and
organized as such." In discussing the powers of the
local board of health, the court, in the opinion, supra,
said: "The judgment and action of the county board
of health concerning matters within their jurisdic-
tion ought to be, and are, as conclusively binding
upon the county as would be the judgment and ac-
tion of the fiscal court in making allowances for
paupers." We are of opinion, therefore, that the
questions submitted by the court to the jury in in-
structions 2 and 3 were and are res judicata. (Her-
man on Estoppel and Res Adjudicata, vol. 1, sec.
115; Thompson v. Brannin, 40 S. W., 914, 19 Ky.
Law Rep., 454.)

Under the opinion on the former appeal, practically the only issue of fact proper to go to the jury on the last trial was as to the correctness and reasonableness of appellant's account; and as instruction No. 1 attempted to submit that issue to the jury, we have left it to be considered in connection with the evidence relating to the account. We do not approve instruction No. 1, for it, too, erroneously submitted to the jury the question of whether such of the articles and services contained in appellant's account as it was entitled to recover for, were furnished by direction of the local board of health, whereas the undisputed facts show that such was the case. But the instruction was correct in directing the jury to exclude from the amount they might allow appellant the item of $23.75 paid by appellant to Barnes for hauling and material used in erecting a temporary boxhouse near the premises placed under quarantine, for housing the guard charged with the duty of maintaining the quarantine. The job of erecting the guardhouse seems to have been given Barnes by appellant, and, according to the evidence, he was then, and when paid by appellant for his material and work, a member of its city council. This being true, appellant had no right to contract with him, for such contracts are prohibited by law. Section 3632, Ky. Stats. 1903, provides: "No officer of such city shall be interested, directly or indirectly, in any contract for such city, or in doing any work or furnishing any supplies for the use of such city, or for its officers, in their official capacity. And any credit for compensation or work, time or supplies or matters furnished in which any such officer is interested shall be void, and, if audited and allowed, shall not be paid by the treasurer. Any willful viola-

tion of the provisions of this section shall be a ground of removal from office, and shall be deemed a misdemeanor, and punished as such." The language of the statute is, we think, sufficiently comprehensive to embrace the item of account paid Barnes. The county of Nelson is only liable to appellant for expenditures lawfully made by it in preventing the spread of smallpox; yet as the quarantine was maintained by the latter, and the house for which Barnes furnished material was used by its guards, it was, therefore, used by it, and, having compensated Barnes, the transaction between it and Barnes was not affected by the fact that appellant expected to be reimbursed by the fiscal court. Besides, there was testimony on the trial which strongly tended to show that the guardhouse was removed by appellant, and its material appropriated to its use in another way, after the quarantine ended. It is the object of the statute to prevent persons in any way connected with a city government in an official capacity from using, directly or indirectly, such relation for individual pecuniary profit. For this reason we think that to allow the item of appellant's account paid Barnes would defeat the salutary purpose of the statute.

We think there are other items of appellant's account that were not sustained by the evidence, such as $3.15 paid to Mrs. Stoker, $8.45 to J. W. Daugherty, and $15 to Beamis Allen. While it was shown the above items were paid the persons named by appellant, they do not appear from the evidence to have been a part of the expense it incurred in preventing the spread of the small pox. It is also apparent from the evidence that a part of the items furnished appellant by Whalen & Son were not for use in preventing the spread of the smallpox, and the same is per-

haps true of a few other small items of expense included in appellant's account. It will be the duty of the court to instruct the jury, upon a retrial of the case, to exclude from the claim of appellant such items thereof as the evidence may show were expended by it for the purposes other than to prevent the spread of smallpox; that is to say, in respect to appellant's account, and in lieu of instruction No. 1, given on the last trial, the court should instruct the jury as follows: "The jury should find for appellant the reasonable value, as shown by the evidence, of such of the articles and services set out in the account as the evidence may show it furnished or expended in the year 1899 in the effort to prevent the spread of smallpox in the city of Bardstown, as directed by the board of health of Nelson county, not to exceed the value of each item as fixed in the account. But in arriving at a verdict they should exclude and not allow appellant the item of $23.75 paid by it to Barnes. And if the jury believe from the evidence that appellant's account contains any items of expense, other than the $23.75 mentioned, that were incurred by it for purposes other than the prevention of the spread of smallpox, such items should also be disallowed."

For the reasons indicated, the judgment is reversed, and cause remanded for a new trial and proceedings consistent with the opinion.