## Sovereign Camp, Woodmen of the World v. Morris.

(Decided December 18, 1925.)

### Appeal from Trigg Circuit Court.

1. Insurance—Issue as to Truth of Answers in Application Held for Jury.—In action on fraternal insurance policy, evidence as to truth of answers in application held, under facts, to raise issue for jury.

2. Insurance—Answers to Questions in Application, Not Being Fraudulent, Void Policy Only when Material to Risk.—Answers to questions for fraternal insurance policy, not being fraudulent under the statutes, are considered as representations, and not as warranties, and void policy only when material to the risk.

3.  Appeal and Error—Admitting Incompetent Evidence Held, Under
    Facts, Prejudicial.—In action on fraternal insurance policy, where
    truth of answers to questions in application was for jury, admis-
    sion of incompetent evidence by beneficiary that deceased had never
    had any disease of the heart held, under facts, prejudicial.

4.  Evidence—Layman Cannot Diagnose Diseases, or Testify as Expert
    in Reference Thereto.—If within knowledge, a layman may testify
    as to strength, vigor, and apparent physical condition of another,
    and as to presence or absence of symptoms indicating disease; but
    he cannot diagnose diseases, or testify as expert in reference
    thereto.

THOMAS & McKINNEY for appellant.

W. H. HOOKS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In a suit in the Trigg circuit court, Mrs. Mallie Morris recovered a judgment of $852.91, against the Sovereign Camp, Woodmen of the World, on a policy of insurance carried by that camp on the life of her deceased husband.

The company appeals and insists the court erred in not giving a peremptory instruction in its favor. (2) In the admission of incompetent evidence. (3) In giving improper instructions. (4) That the verdict is against the evidence.

The policy is in the usual form of fraternal policies, with the ordinary written application attached. In his application which was dated July 7, 1919, the deceased was asked, "Have you now or have you ever had any diseases of the following named organs, or any of the following named diseases or symptoms?" Naming practically every disease known to medical science and to all of which he answered "No." He also stated that he had not been waited upon by a physician within five years prior to the application. In answer to obviously leading questions, but without objection, Dr. Ezell, deceased's practicing physician, testified that he had treated deceased at intervals for eight or nine years before his death for "mitral regurgitation," which is one form of heart trouble, and that he had "dilation of the left ventricle or enlargement of the left ventricle of the heart; that the predisposing cause of his death was old heart lesion;" that he was consulted by deceased in the fall of 1911 for stomach symptoms and that deceased called on

him again in 1914 or 1915 for treatment. He admits that he kept no records of these visits prior to April, 1923, and was testifying to dates from memory; he further stated that he had no recollection of telling deceased that he had heart trouble.

Dr. A. D. Cloyd, chief medical director and examiner for defendant, testifies that if he "had known the applicant had been treated by a physician within five years previous to the application, or that he had been treated for indigestion or for any diseases of the heart or blood vessels, that he would not have accepted the application." In detail he says that he "would not have accepted the application if it had stated that applicant had consulted a physician in 1911 and in 1914 or 1915 for stomach trouble and had been found by a physician to have stomach trouble or systolic murmurs of the valvic areas within six or eight years of the date of the application."

On the other hand, plaintiff testifies positively that her husband called on Dr. Ezell for treatment only twice and had not been treated by any physician within five years before the date of the application. The first treatment was in 1911 by Dr. Ezell for stomach trouble, which lasted for only a week or so. The second was in May, 1914. She further testifies that her husband had no palpitation and never at any time manifested any symptoms of heart or stomach trouble until after his last illness begun in April, 1923; that he was a young man of physical strength and great vigor, and a very hard worker. Her testimony in this respect is corroborated by a number of other laymen. The physician who examined deceased for the company at the time of the application for insurance testified that he made a personal examination of his heart and lungs by means of a stethoscope applied to the bare skin and if there had been any organic trouble in either he would have discovered it, and that he would not have recommended the issual of the policy if such trouble had existed. He also made a careful examination of the abdomen by palpation and if any stomach trouble existed he would in like manner have discovered it and advised against the issual of the policy. It thus clearly appears that there was an issue of fact as to the truth of the answers in the application.

It is argued, however, that the evidence of Dr. Cloyd is uncontradicted and defendant was therefore entitled to a peremptory instruction. It may be said that Dr.

Cloyd did not testify as to practice usual among life insurance companies under similar circumstances or as to whether the defendant, acting reasonably and naturally in accordance with such practice, would have accepted the application.

It is not argued that any of the objectionable answers were fraudulent. Not being fraudulent, under our statutes they are considered as representations and not as warranties and void the policy only when material to the risk. As to this issue we have said: "The question was not what the insurance company ought to have done had it known the truth concerning the facts misrepresented but what it properly would have done. That was to be determined not by what it might say afterwards about it, for manifestly that would be a very unsafe standard, but what was the usual course of those engaged in such business under similar circumstances." Provident Insurance Co. v. Wayne's Admr., 93 S. W. 1049, 29 L. R. 160; Ill. Life Ins. Co. v. DeLang, 124 Ky. 569. Thus it is doubtful if the evidence of the witness Cloyd is competent, but as no objections or exceptions were taken to it perhaps it may be considered. It must not be overlooked, however, that his answers were based on hypothetical questions which assumed the answers in the application to be untrue, and as the truth of those answers were in issue, a question of fact for the jury, the court properly overruled the peremptory instruction.

On direct examination Mrs. Morris was asked in reference to the deceased: "Did he ever have any disease of the heart?" A. "No, sir." This was followed by similar questions as to a great number of other diseases stated in the application, to all of which she answered "No." Other lay witnesses made the same answer to similar questions. This evidence was incompetent and, under the facts of this case, prejudicial.

If within his knowledge, a layman may testify as to the strength, vigor and apparent physicial condition of another person, and as to the presence or absence in such person of symptoms indicating disease; also some forms of disease are so common and so well understood as to be within the knowledge of a layman, but he cannot diagnose diseases or testify as an expert in reference thereto.

To illustrate: The witnesses in this case were not qualified to testify that the applicant did not have heart trouble or stomach trouble, but evidence of the nature

and symptoms of these diseases could have been proven by a physician, and these witnesses then could have testified as to the presence or absence of such symptoms.

The instructions are criticised but they are in the usual form and substantially the same as have been approved by this court.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.