# Equitable Life Assur. Soc. of the United States v. Davis.

(Decided May 26, 1936.)

WILLIAM MARSHALL BULLITT and EUGENE B. COCHRAN for appellant.

FLEM D. SAMPSON, J. J. TYE, J. M. ROBSION, and ROBSION & SAMPSON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

Need Davis has recovered judgment against the Equitable Life Assurance Society of the United States for $2,458, with interest from March 22, 1932, as disability benefit under a group policy issued to the American Rolling Mill Company of which he was an employee, the policy providing that the insurance as to any employee should continue only so long as insured remained in the employment of the employer. The Equitable is appealing.

Appellee claims that he became totally and permanently disabled within the meaning of the terms of the policy on April 20, 1931, while employed by the American Rolling Mill Company as the result of attempting to lift a heavy piece of iron ore.

As grounds for reversal it is argued: (1) That appellee did not become totally and permanently disabled on April 20, 1931, or at any time while he was employed by the American Rolling Mill Company; (2) that the court erroneously permitted Davis to diagnose his disease and to give his conclusions about its causes and its effect on his general health; (3) that the judgment erroneously required appellant to pay interest from March 22, 1932; and (4) that the verdict is flagrantly against the weight of the evidence.

No question is made about the amount due under

the policy if appellee became disabled at the time and in the manner claimed by him, nor is there any controversy concerning notice or proof as required by the policy. Our discussion of the evidence will be confined to such as is pertinent to the questions presented for consideration.

It is insisted by counsel that since appellee bases his claim on bodily injury, it was incumbent upon him to establish that he received his injuries on or before April 20, 1931; and (2) that the injuries caused him to become disabled on or before that date.

Davis testified that about 2 o'clock on the morning of April 20, 1931, while lifting a piece of iron ore weighing about 200 or 225 pounds at the American Rolling Mill's plant, he strained his back, turned blind, and had to lie down; that he was weak, sick at his stomach, and vomited; that he was unable to work any more that night, and when he returned home was nervous and weak and could not control his urinary organs; that he had to urinate frequently and passed blood and pus. His statement as to what occurred at the plant when he claims to have sustained his injuries is corroborated by a fellow workman, and as to his condition after he returned home he is corroborated by members of his family.

Appellee introduced as witnesses Drs. Hugh Fee, S. S. Jones, and W. E. Price, the latter being a chiropractor. Dr. Fee first treated appellee in March, 1932, and continued treating him until some time in April. He testified that he took a careful history of appellee's illness and made a complete physical examination, including a uranalysis and repeated examination of the heart and urine; that appellee told him he had sustained an injury to his back and kidneys while working for the American Rolling Mill Company. He made the following diagnosis: Myocarditis, endocarditis, pyuria, cystitis, and bacteriura. He testified that the first time he saw appellee the latter was unable to pursue any gainful occupation, and the last time he saw him his condition was growing worse, and gave as his opinion that he is totally and permanently disabled to pursue any gainful occupation. When asked as to whether the condition he found had any connection with a strain to the back in lifting a heavy piece of iron ore, he replied:

"Yes, there is no doubt that severe physical strain

aggravates and even causes heart and kidney diseases—the condition of the bladder was no doubt an extension from the affected kidney."

Dr. Jones testified that he found him suffering with cystitis and diseased heart and found from uranalysis blood and pus. He gave as his opinion that he was totally and permanently disabled. He also testified that the condition he found could have been produced by a strain of the back and kidneys from lifting a heavy piece of iron ore, but his answer was excluded from the jury. Appellee's evidence and that of members of his family and others indicates that his condition has been such since he claims to have sustained his injuries as to wholly incapacitate him. Dr. Blair, the first physician whom appellee consulted after he quit work, testified that he treated him for some weeks beginning about the middle or latter part of May, 1931; that he was suffering from some chest or bronchial trouble; that at first appellee said nothing to him about having sustained an injury at the American Rolling Mill plant but later did, when requesting the doctor to make out some sort of report. He testified that he found no heart, bladder, or kidney trouble. His evidence indicates that he considered appellee's disability temporary.

Dr. Murat, the physician for the American Rolling Mill Company, testified that he examined appellee in September and found his condition such that the company would re-employ him; that he advised him he could go to work so far as his physical condition was concerned and gave as his opinion that he was able to work for compensation. Dr. Logan of Barbourville examined appellee at the request of appellant, testified that his examination was incomplete, but stated that he found the heart normal. He could not recall whether he made a uranalysis and gave as his opinion that appellee was not totally or permanently disabled.

Without going into further detail, it is quite apparent from the foregoing that the testimony for appellee strongly conduces to show that he did actually receive an injury when attempting to lift a piece of iron ore, and since that time has been totally and permanently disabled, and according to the evidence of physicians whom he introduced there is little hope for material or any improvement in his condition. The evidence was sufficient to take the case to the jury, and

therefore appellant's first contention cannot be sustained.

Concerning the second ground, it is true, as contended by counsel for appellant, that laymen cannot diagnose diseases or give expert evidence when referring thereto, but their evidence should be confined to matters within their knowledge. Lay witnesses may testify concerning apparent strength, vigor, and physical condition of another. See Equitable Life Assurance Society of United States v. Fannin, 245 Ky. 474, 53 S. W. (2d) 703, and authorities therein cited. None of the lay witnesses except appellee himself attempted to testify to any matter not within their knowledge, and in fact no question is made concerning their evidence. It is all directed at the evidence of appellee, and certainly he was in a better position than any other person including physicians who testified to tell how his alleged injuries affected him. These were matters clearly within his knowledge. We find no authorities to sustain a contention that his evidence in this respect was not competent.

Even if counsel for appellant are correct in their contention that the court erroneously allowed interest from March 22, 1932, this court cannot in the circumstances grant any relief in that particular. If the judgment improperly permitted the collection of interest from March 22, 1932, instead of from six months after proof was made, that was manifestly a clerical misprision. Equitable Life Assur. Soc. v. Kazee, 257 Ky. 803, 79 S. W. (2d) 208. However, that is a matter that addresses itself to the circuit court and cannot be reviewed until presented and acted upon there. Sowders v. Gingell, 174 Ky. 127, 191 S. W. 896. If appellant felt aggrieved by the judgment in this particular, it should have made a motion to correct it in the court below before appealing from the judgment. Brady v. Equitable Trust Company, 178 Ky. 693, 199 S. W. 1082.

Our recital of the evidence in connection with the first point made by counsel for appellant demonstrates beyond controversy that the evidence was sufficient to take the case to the jury and amply sustained the verdict.

Judgment affirmed.